See also D.C., 421 F.Supp. 1208.

**Kurt SCHMIEDER, Plaintiff,**

**v.**

**Louis H. HALL, Jr., as Executor of the Estate of Helen B. Dwyer, Defendant.**

**No. 76 Civ. 499.**

United States District Court,
S. D. New York.

March 12, 1976.

Werner Galleski, New York City, Berg & Duffy, Lake Success, N. Y., for plaintiff, by James P. Duffy, III, Thomas A. Illmensee, Thomas F. Werring, Lake Success, N. Y., of counsel.

Turchin & Topper, Martin, Obermaier & Morvillo, New York City, for defendant, by John S. Martin, Jr., Morton J. Turchin, New York City, of counsel.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Defendant moves to dismiss the complaint on grounds of *res judicata,* claiming that all issues tendered by the instant complaint have been decided adversely to plaintiff in a previous action between the same parties having the same caption and bearing Index No. 69 Civ. 1939, D.C., 421 F. Supp. 1208.

The complaint in the 1969 action was dismissed after a bench trial. After plaintiff had appealed to the Court of Appeals, he made a motion for reargument before me. In denying that motion, I observed:

"Plaintiff having filed his appeal to the Court of Appeals, I am without jurisdiction to entertain his current (third) motion to reargue. Moreover, it is my view that no purpose would be served by an application for remand, in that my previous opinions already make clear that plaintiff's proposed new complaint would be barred by the doctrine of *res judicata.* This is true for two reasons: (a) the first part of my opinion was that plaintiff had no standing in law or equity or otherwise to challenge defendant's possession of the property received by Mrs. Dwyer as a result of the settlement of her suit against the government; and (b) the second part held that, assuming such standing, plaintiff had not established entitlement to the monies in question on the ground of fraud (equitable or other), unjust enrichment or otherwise. If the Court of Appeals upholds either such holding the plaintiff is, in my view, forever foreclosed.

If plaintiff is in doubt as to this, I suggest that he file his proposed new complaint and ask that it be referred to me as a related case. I shall then enter an order dismissing it, on grounds of *res judicata,* and plaintiff can immediately appeal from that order and request the Court of Appeals to consolidate both appeals."

The suggestions contained in the above question were followed by all concerned. Plaintiff filed his new complaint, the Clerk of the Court referred it to me as related to the previous action, and defendant moved to dismiss on grounds of *res judicata.* I follow my predicted course of action, and grant defendant's motion.

Plaintiff cites several authorities which, he claims, should deter me from this course: *Ex parte Kawato* (1942) 317 U.S. 69, 63 S.Ct. 115, 87 L.Ed. 58; *McNellis v. First Federal Sav. & L. Ass'n of Rochester, N. Y.* (2d Cir. 1966) 365 F.2d 251; *Stoehr v. Miller* (2d Cir. 1923) 296 F. 414; *Gardner v. Ogden* (1860) 22 N.Y. 327; *Re Herter's Estate* (Sur.N.Y.Co., 1948) 193 Misc. 602, 83 N.Y. S.2d 36, aff'd 274 App.Div. 979, 84 N.Y.S.2d 913; *Scott on Trusts* (Third Ed. 1967) § 462.4; *Bogert, Trusts & Trustees* (2d Ed. 1940) § 472. None of them give any support to his position.

*Ex parte Kawato* holds that—at least on April 15, 1941—the Trading with the Enemy Act did not apply to resident enemy aliens. No resident enemy alien is here involved.[1]

In *McNellis* the Second Circuit held that a state court adjudication that a certain person had not been insolvent in April and June of 1962 did not foreclose—on grounds of *res judicata*—a finding of insolvency in August and September of that year.

*Stoehr* established that the alien property custodian acquired no title to an alien's alleged interest in a trust said to have been declared by an American citizen where, as the Court found, the declaration of trust had never become effective.

*Gardner* has no discernible bearing on this litigation.

In *Herter,* the Surrogate held that—as a matter of New York law—the alien proper-

---

1. Plaintiff's actual reference is to the brief of the United States *amicus curiae* in *Kawato.* However, plaintiff does not indicate how that brief could be here relevant.

ty custodian could not exercise a widow's right of election against her husband's will, especially where such exercise would take property from legatees who were American citizens.

Scott's treatise—to the extent that it is relevant—supports my original view that whatever rights plaintiff may have had arose the moment Mrs. Dwyer received the property from him, and that such rights had duly vested in the alien property custodian.[2] *Bogert* is to the same effect.

Plaintiff having failed to persuade me that my original views were erroneous, I grant defendant's motion to dismiss the complaint on grounds of *res judicata.*

SO ORDERED.

2. Insofar as it is arguable that the prior litigation did not encompass plaintiff's novel theory that—at some time after the vesting order—a new duty arose in Mrs. Dwyer which was totally unrelated to her receipt of assets from plaintiff, I dismiss that claim as frivolous.